UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBNER MYRTIL,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2662

Honorable Jane M. Beckering

# ORDER

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on October 14, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

On October 22, 2026, Petitioner filed a motion to enforce judgment and for alternative relief and a supporting brief. (ECF Nos. 8, 9.) In the supporting brief, Petitioner states that he was denied bond at the bond hearing, and he argues that the Immigration Judge applied the incorrect burden of proof at the hearing. (ECF No. 9, PageID.67.) In light of this, Petitioner asks this Court to order his immediate release from custody. (ECF No. 8, PageID.64–65.) On October 22, 2026,

Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 10; Bond Order, ECF No. 10-1.)

In Petitioner's motion for immediate release, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's October 14, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's October 14, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's October 14, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's motion for immediate release. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's October 14, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for immediate release (ECF No. 8) is **DENIED**.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge